Dear Judge Fernandez:
You advise this office that Mr. Craig Taffaro, a licensed professional counselor, has contracted with the St. Bernard Parish Adult Drug Court to provide treatment consultation services for the drug court, established under authority of R.S. 13:5304. (see footnote 1, attached). You also advise that the contract is funded by the Louisiana Supreme Court Drug Court Office.
Mr. Taffaro has recently been elected as a St. Bernard Parish Councilman. You ask if the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., in any way prohibit Mr. Taffaro from serving as a local elected parish official while continuing to provide his services pursuant to his contract with the drug court.
As we stated in Attorney General Opinion 96-359 to Mr. Taffaro, we again conclude that where an individual enters into a professional service contract, he is not considered to be "employed" for purposes of dual-officeholding and dual-employment statutes. We are of the opinion that Mr. Taffaro may continue to provide professional services to the drug court while serving as parish councilman.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Footnote 1 § 5304. The drug division probation program
A. Each district court by rule may designate as a drug division one or more divisions to which alcohol-or drug-related offenses are assigned and may establish a probation program to be administered by the presiding judge or judges thereof or by an employee designated by the court.
B. Participation in probation programs shall be subject to the following provisions:
(1) The district attorney may propose to the court that an individual defendant be screened for eligibility as a participant in the drug division probation program if all of the following criteria are satisfied:
(a) The individual is charged with a violation of a statute of this state relating to the use and possession of any narcotic drugs, coca leaves, marijuana, stimulants, depressants, or hallucinogenic drugs, or where there is a significant relationship between the use of alcohol or drugs, or both, and the crime before the court.
(b) The district attorney has reason to believe that the individual who is charged suffers from alcohol or drug addiction.
(c) It is in the best interest of the community and in the interest of justice to provide the defendant with treatment as opposed to incarceration or other sanctions.
(2) Upon receipt of the proposal provided for in Paragraph (1) of this Subsection, the court shall advise the defendant that he or she may be eligible for enrollment in a court-authorized treatment program through the drug division probation program.
(3) In offering a defendant the opportunity to request treatment, the court shall advise the defendant of the following:
(a) If the defendant is accepted into the drug division probation program, then the defendant must waive the right to a trial. The defendant must enter a plea of guilty to the charge, with the stipulation that sentencing be deferred or that sentence be imposed, but suspended, and the defendant placed on supervised probation under the usual conditions of probation and under certain special conditions of probation related to the completion of such substance abuse treatment programs as are ordered by the court.
(b) If the defendant requests to undergo treatment and is accepted, the defendant will be placed under the supervision of the drug division probation program for a period of not less than twelve months.
(c) During treatment the defendant may be confined in a treatment facility or, at the discretion of the court, the defendant may be released on a probationary basis for treatment or supervised aftercare in the community.
(d) The court may impose any conditions reasonably related to the complete rehabilitation of the defendant.
(e) The defendant shall be required to participate in an alcohol and drug testing program at his own expense, unless the court determines that he is indigent.
(f) If the defendant completes the drug division probation program, and successfully completes all other requirements of his court-ordered probation, the conviction may be set aside and the prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Articles893 and 894. If the defendant was sentenced at the time of the entry of the plea of guilty, the successful completion of the drug division probation program and the other requirements of probation will result in his discharge from supervision. If the defendant does not successfully complete the drug division probation program, the judge may revoke the probation and impose sentence, or the judge may revoke the probation and order the defendant to serve the sentence previously imposed and suspended, or the court may impose any sanction provided by Code of Criminal Procedure Article 900, and extend probation and order that the defendant continue treatment for an additional period, or both.
(4) The defendant has the right to be represented by counsel at all stages of a criminal prosecution and in any court hearing relating to the drug division probation program. The defendant shall be represented by counsel during the negotiations to determine eligibility to participate in the drug division probation program and shall be represented by counsel at the time of the execution of the probation agreement, and at any hearing to revoke the defendant's probation and discharge him from the program, unless the court finds and the record shows that the defendant has knowingly and intelligently waived his right to counsel.
(5) The defendant must agree to the drug division probation program. If the defendant elects to undergo treatment and participate in the drug division probation program, the court shall order an examination of the defendant by one of the court's designated licensed treatment programs. Treatment programs shall possess sufficient experience in working with criminal justice clients with alcohol or drug addictions, or both, and shall be certified and approved by the state of Louisiana. The designated treatment program shall utilize standardized testing and evaluation procedures to determine whether or not the defendant is an appropriate candidate for a treatment program and shall report such findings to the court and the district attorney.
(6) The designated treatment program shall examine the defendant, using standardized testing and evaluation procedures, and shall report to the court and the district attorney the results of the examination and evaluation along with its recommendation as to whether or not the individual is a suitable candidate for the drug division probation program. Only those defendants who suffer from alcoholism or a drug addiction, or both, or who are in danger of becoming dependent on alcohol or drugs and who are likely to be rehabilitated through treatment shall be considered for treatment.
(7) The court shall inform the defendant that the treatment program examiner or district attorney may request that the defendant provide the following information to the court:
(a) Information regarding prior criminal charges.
(b) Education, work experience, and training.
(c) Family history, including residence in the community.
(d) Medical and mental history, including any psychiatric or psychological treatment or counseling.
(e) Any other information reasonably related to the success of the treatment program.
(8) The designated program shall recommend to the court a preliminary length of stay and level of care for the defendant.
(9) Besides the report submitted by the examiner, the judge and district attorney shall consider the following factors in determining whether drug court probation would be in the interests of justice and of benefit to the defendant and the community:
(a) The nature of the crime charged and the circumstances surrounding the crime.
(b) Any special characteristics or circumstances of the defendant.
(c) Whether the defendant is a first-time offender of an alcohol — or drug-related offense, and, if the defendant has previously participated in this or a similar program, the degree of success attained.
(d) Whether there is a probability that the defendant will cooperate with and benefit from probation and treatment through the drug division probation program.
(e) Whether the available drug division probation program is appropriate to meet the needs of the defendant.
(f) The impact of the defendant's probation and treatment upon the community.
(g) Recommendations, if any, of the involved law enforcement agency.
(h) Recommendations, if any, of the victim.
(i) Provisions for and the likelihood of obtaining restitution from the defendant over the course of his probation.
(j) Any mitigating circumstances.
(k) Any other circumstances reasonably related to the individual defendant's case.
(10) In order to be eligible for the drug division probation program, the defendant must satisfy each of the following criteria:
(a) The defendant cannot have any prior felony convictions for any offenses defined as crimes of violence in R.S. 14:2 (13).
(b) The crime before the court cannot be a crime of violence as defined in R.S. 14:2 (13), including domestic violence.
(c) Other criminal proceedings alleging commission of a crime of violence as defined in R.S. 14:2 (13) cannot be pending against the defendant.
(d) The defendant cannot have been convicted of aggravated burglary or simple burglary of an inhabited dwelling if the defendant has a record of one or more prior felony convictions.
(e) The crime before the court cannot be a charge of driving under the influence of alcohol or any other drug or drugs that resulted in the death of a person.
(f) The crime charged cannot be one of multiple counts of distribution, possession with intent to distribute, production, manufacture, or cultivation of controlled dangerous substances.
(10.1) A defendant previously convicted or adjudicated a delinquent for the offense of simple battery shall not be deemed ineligible for the drug division probation program on the sole basis of such status.
(11) (a) The judge shall make the final determination of eligibility. If, based on the examiner's report and the recommendations of the district attorney and the defense counsel, the judge determines that the defendant should be enrolled in the drug division probation program, the court shall accept the defendant's guilty plea and suspend or defer the imposition of sentence and place the defendant on probation under the terms and conditions of the drug division probation program. The court also may impose sentence and suspend the execution thereof, placing the defendant on probation under the terms and conditions of the drug division probation program.
(b) If the judge determines that the defendant is not qualified for enrollment, the judge shall state for the record the reasons for that determination.
(c) A treatment program may petition the court to reject a referral through the drug division probation program if the treatment program administrator deems the defendant to be inappropriate for admission to the treatment program. Additionally, a treatment program may petition the court for immediate discharge of any individual who fails to comply with treatment program rules and treatment expectations or who refuses to constructively engage in the treatment process.
C. (1) The terms of each probation agreement shall be decided by the judge. The defendant must agree to enter the program and sign a probation agreement stating the terms and conditions of his program. The defendant must plead guilty to the charge in order to be eligible for the drug division probation program.
(2) Any probation agreement entered into pursuant to this Section shall include the following:
(a) The terms of the agreement, which shall provide that if the defendant fulfills the obligations of the agreement, as determined by the court, then the criminal charges may be dismissed and the prosecution set aside in accordance with the provisions of Code of Criminal Procedure Articles 893 and 894, or, if the defendant has been sentenced following the plea of guilty, then the successful completion of the drug division probation program may result in the discharge of the defendant from continued supervision.
(b) A waiver by the defendant of the right to trial by jury under the laws and constitution of Louisiana and the United States.
(c) The defendant's full name.
(d) The defendant's full name at the time the complaint was filed, if different from the defendant's current name.
(e) The defendant's sex and date of birth.
(f) The crime before the court.
(g) The date the complaint was filed.
(h) The court in which the agreement was filed.
(i) A stipulation of the facts upon which the charge was based, as agreed to by the defendant and the district attorney.
(j) A provision that the defendant will be required to pay a probation supervision fee.
(k) A provision in cases where applicable that the defendant will be required to pay restitution to the victim.
(l) A provision that once the defendant is receiving treatment as an outpatient or living in a halfway house he will participate in appropriate job training or schooling or seek gainful employment.
(m) A copy of the plea agreement.
(3) A defendant who is placed under the supervision of the drug division probation program shall pay the cost of the treatment program to which he is assigned and the cost of any additional supervision that may be required, to the extent of his financial resources, as determined by the drug division.
(4) If the probationer does not have the financial resources to pay all the related costs of the probation program:
(a) The court, to the extent practicable, shall arrange for the probationer to be assigned to a treatment program funded by the state or federal government.
(b) The court, with the recommendation of the treatment program, may order the probationer to perform supervised work for the benefit of the community in lieu of paying all or a part of the costs relating to his treatment and supervision. The work must be performed for and under the supervising authority of a parish, municipality, or other political subdivision or agency of the state of Louisiana or a charitable organization that renders service to the community or its residents.
D. (1) When appropriate, the imposition or execution of sentence shall be postponed while the defendant is enrolled in the treatment program. As long as the probationer follows the conditions of his agreement, he or she shall remain on probation. At the conclusion of the period of probation, the district attorney, on advice of the person providing the probationer's treatment and the probation officer, may recommend that the drug division take one of the following courses of action:
(a) That the probationer's probation be revoked and the probationer be sentenced because the probationer has not successfully completed the treatment and has violated one or more conditions of probation; or, if already sentenced, that the probation be revoked and the probationer be remanded to the appropriate custodian for service of that sentence.
(b) That the period of probation be extended so that the probationer may continue the program.
(c) That the probationer's conviction be set aside and the prosecution dismissed because the probationer has successfully completed all the conditions of his or her probation and treatment agreement.
(2) The district attorney shall make the final determination on whether to request revocation, extension, or dismissal.
(3) (a) If an individual who has enrolled in a program violates any of the conditions of his probation or his treatment agreement or appears to be performing unsatisfactorily in the assigned program, or if it appears that the probationer is not benefiting from education, treatment, or rehabilitation, the treatment supervisor, probation officer, or the district attorney may move the court for a hearing to determine if the probationer should remain in the program or whether the probation should be revoked and the probationer removed from the program and sentenced or ordered to serve any sentence previously imposed. If at the hearing the moving party can show sufficient proof that the probationer has violated his probation or his treatment agreement and has not shown a willingness to submit to rehabilitation, the probationer may be removed from the program or his treatment agreement may be changed to meet the probationer's specific needs.
(b) If the court finds that the probationer has violated a condition of his or her probation or a provision of his or her probation agreement and that the probationer should be removed from the probation program, then the court may revoke the probation and sentence the individual in accordance with his or her guilty plea or, if the individual has been sentenced and the sentence suspended, order the individual to begin serving the sentence.
(c) If a defendant who has been admitted to the probation program fails to complete the program and is thereafter sentenced to jail time for the offense, he shall be entitled to credit for the time served in any correctional facility in connection with the charge before the court.
(d) At any time and for any appropriate reason, the probationer, his probation officer, the district attorney, or his treatment provider may petition the court to reconsider, suspend, or modify its order for rehabilitation or treatment concerning that probationer.
(e) The burden of proof at all such hearings shall be the burden of proof required to revoke probation as provided by law.
E. The appropriate alcohol and drug treatment program shall report the following changes or conditions to the district attorney at any periodic reporting period specified by the court:
(1) The probationer is changed from an inpatient to an outpatient.
(2) The probationer is transferred to another treatment center or program.
(3) The probationer fails to comply with program rules and treatment expectations.
(4) The probationer refuses to engage constructively in the treatment process.
(5) The probationer terminates his or her participation in the treatment program.
(6) The probationer is rehabilitated or obtains the maximum benefits of rehabilitation or treatment.
F. Upon successful completion of the drug division probation program and its terms and conditions, the judge, after receiving the recommendation from the district attorney, may vacate the judgment of conviction and dismiss the criminal proceedings against the probationer or may discharge the defendant from probation in accordance with the provisions of Code of Criminal Procedure Article 893 or 894.
G. Discharge and dismissal under this Chapter, as provided in Code of Criminal Procedure Articles 893 and 894, shall have the same effect as acquittal, except that the conviction may be considered in order to provide the basis for subsequent prosecution of the party as a multiple offender and shall be considered as an offense for the purposes of any other law or laws relating to cumulation of offenses. Dismissal under this Chapter shall occur only once with respect to any person. Nothing herein shall be construed as a basis for the destruction of records of the arrest and prosecution of the person.
H. Nothing contained in this Chapter shall confer a right or an expectation of a right to treatment for a defendant or offender within the criminal justice system.
I. Each defendant shall contribute to the cost of substance abuse treatment received in the drug treatment program based upon guidelines developed by the drug division.
J. Each judicial district that establishes a drug division shall adopt written policies and guidelines for the implementation of a probation program in accordance with this Chapter. The policies and guidelines shall include provisions concerning the following:
(1) How to examine the defendant initially to determine if he or she is qualified for enrollment.
(2) How to advise the defendant of the program if the court has reason to believe the defendant may suffer from alcohol or drug addiction.
(3) What licensed treatment programs are certified by the court.
K. Each drug division shall develop a method of evaluation so that its effectiveness can be measured. These evaluations shall be compiled annually and transmitted to the judicial administrator of the Supreme Court of Louisiana.
L. (1) Except as otherwise provided for by law, the registration and other records of a treatment facility are confidential and shall not be disclosed to any person not connected with the treatment facility or the drug division and district attorney without the consent of the patient.
(2) The provisions of Paragraph (1) of this Subsection shall not restrict the use of patients' records for the purpose of research into the cause and treatment of alcoholism and drug addiction, provided that such information shall not be published in a way that discloses the patient's name and identifying information.
M. No statement, or any information procured therefrom, with respect to the specific offenses with which the defendant is charged, which is made to any probation officer or alcohol and drug treatment worker subsequent to the granting of probation, shall be admissible in any civil or criminal action or proceeding, except a drug division probation revocation proceeding.
N. A record of the fact that an individual has participated in a drug division probation program shall be sent to the office of the attorney general and shall be made available upon request to any district attorney for the purpose of determining if an individual has previously participated in a drug division probation program.
O. The provisions of Code of Criminal Procedure Article 893 (A) and (D) which prohibit the court from suspending or deferring the imposition of sentences for violations of the Uniform Controlled Dangerous Substances Law or for violations of R.S. 40:966 (A), 967(A), 968(A), 969(A), or 970(A) shall not apply to prosecutions in drug division probation programs as authorized by this Chapter.